IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN K. KUEHNLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0041-P |
| | § | |
| MOHAMMED YAFFANEH, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Kevin K. Kuehnle, a Texas prisoner, against the Warden of Sanders Estes Unit of the TDCJ-CID and three prison employees. On January 5, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his paupers affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 19, 2012. The court now determines that plaintiff should be allowed to prosecute his excessive force claim against Mohammed Yaffaneh, a prison corrections officer. His

claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On or about September 16, 2011, plaintiff was involved in a verbal altercation with Officer Yaffaneh after asking for a pass to go to the prison mail room. (*See* Mag. J. Interrog. #3). According to plaintiff, Yaffaneh called him "white trash" and said "your [sic] stupid because your [sic] in prison." (*Id.*). In response, plaintiff told Yaffaneh that "his mama was trash." (*Id.*). Yaffaneh then ran up to plaintiff, grabbed him by the throat and shirt, and repeatedly slammed him into the windows of N-Pod while threatening to spray him with mace. (*Id.*). As a result of this incident, plaintiff suffered scratches on his throat and neck, bruising, and back pain. (*See* Mag. J. Interrog. # 1-2). Plaintiff now sues Yaffaneh for use of excessive force in violation of the Eighth Amendment to the United States Constitution. Also named as defendants are Warden Stephen McAdams, Assistant Warden Eric Mathis, and Major Terry Wiktorik.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Warden McAdams, Assistant Warden Mathis, and Major Wiktorik. As supervisors, these defendants are liable only if they: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that any of these defendants used excessive force against him, and does not identify a policy, custom, or practice that sanctions or condones the constitutional violations made the basis of ths suit. Instead, plaintiff alleges that McAdams, Mathis, and Wiktorik are legally responsible for the operation of the prison and the actions of their subordinates. (*See* Mag. J. Interrog. #4-6). However, there is no respondeat superior liability under 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989). Even if these defendants knew that Yaffaneh previously assaulted other inmates, such knowledge does not give rise to liability under section 1983. *See Milazzo v. Young*, No. 6-11-CV-350, 2011 WL 6955710 at *4 (E.D. Tex.

Dec. 11, 2011), *rec. adopted*, 2012 WL 28102 (E.D. Tex. Jan. 4, 2012), *citing Iqbal*, 129 S.Ct. 1949 (supervisors not liable merely because they know of or acquiesced in misconduct by a subordinate). Plaintiff's claims against these defendants should be summarily dismissed.

C.

That leaves plaintiff's excessive force claim against Yaffaneh. In his complaint and interrogatory answers, plaintiff alleges that Yaffaneh repeatedly slammed him into a window following a verbal altercation, causing physical injury and pain. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1, 3). Without suggesting a view of whether dismissal may be proper in a different procedural context, plaintiff has alleged enough facts to survive dismissal at this stage of the proceeding.

### **RECOMMENDATION**

Plaintiff should be allowed to prosecute his excessive force claim against Officer Mohammed Yaffaneh. His claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).

DATED: January 23, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE